UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **OMID ROKNI, et al.** | : |
| **Plaintiffs,** | : |
| v. | : Case No. 1:07-cv-01474 -RJL |
| **PNH UNION SQUARE L.L.C.** | : |
| **Defendant.** | : |

### MOTION TO COMPEL ARBITRATION AND DISMISS THE COMPLAINT, OR, IN THE ALTERNATIVE, STAY PROCEEDINGS PENDING ARBITRATION

Pursuant to LCvR 7, Defendant PNH Union Square L.L.C., by and through undersigned counsel, respectfully requests this Court enter an order dismissing Plaintiffs' Complaint and compelling arbitration of the disputes raised in the Complaint, or in the alternative, stay all proceedings in this Court pending arbitration. In support of its Motion, Defendant submits the accompanying Memorandum of Points and Authorities in Support of its Motion To Compel Arbitration And Dismiss The Complaint, Or, In The Alternative, Stay Proceedings Pending Arbitration.

Date:   September 10, 2007

Respectfully submitted,

By:_____/s/ Philip T. Evans_____
    Philip T. Evans (D.C. Bar No. 441735)
    Roxan A. Kerr (D.C. Bar No. 490310)
    HOLLAND & KNIGHT LLP
    2099 Pennsylvania Ave., N.W., Suite 100
    Washington, D.C. 20006
    Tel: (202) 955-3000/Fax: (202) 955-5564

*Counsel for Defendant PNH Union Square L.L.C.*

1

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| OMID ROKNI, et al.<br><br>　　　　Plaintiffs,<br><br>　v.<br><br>PNH UNION SQUARE L.L.C.,<br><br>　　　　Defendant. | :<br>:<br>:<br>:<br>:  Case No. 1:07-cv-01474 -RJL<br>:<br>:<br>:<br>:<br>: |

**DEFENDANT'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO COMPEL ARBITRATION AND DISMISS THE COMPLAINT, OR, IN THE ALTERNATIVE, STAY PROCEEDINGS PENDING ARBITRATION**

　　　　Pursuant to LCvR 7 and Fed.R.Civ.P. 12(b)(1), Defendant PNH Union Square L.L.C. ("Defendant"), by and through undersigned counsel, submits this Memorandum of Points and Authorities in Support of its Motion To Compel Arbitration And Dismiss The Complaint, Or, In The Alternative, Stay Proceedings Pending Arbitration ("Motion to Compel").  For the reasons stated below this Court should dismiss Plaintiffs' Complaint and compel the arbitration of Plaintiffs' claims because they all arise from individual Condominium Unit Purchase Agreements, which includes an arbitration clause that applies to any and all disputes that may arise from or relating to the agreement.[1]  Defendant seeks entry of the attached order dismissing the Complaint and compelling Plaintiffs to arbitrate their claims pursuant to the FAA and the

---

[1] The Federal Arbitration Act ("FAA"), 9 U.S.C. § 1 et seq., is controlling in this action as the contracts at issue are between citizens of different states and concern interstate commerce.  *See American Home Assurance Co. v. Vecco Concrete Constr. Co.*, 629 F.2d 961, 964 (4th Cir. 1980).  Section 2 of the FAA provides that "an agreement in writing to submit to arbitration an existing controversy . . . shall be valid, irrevocable, and enforceable."  9 U.S.C. § 2.

1

express language of their contractual agreements with Defendant.. In the alternative, Defendant requests that this Court stay all proceedings pending arbitration.[2]

As required by LCvR 7(m), on September 10, 2007, undersigned counsel for Defendant spoke by telephone with Howard R. Shmuckler, counsel for Plaintiffs. In the course of that conversation, Defendant's counsel asked whether Plaintiffs would consent to a Motion to Compel Arbitration. Mr. Shmuckler indicated that Plaintiffs do not consent to the relief sought by this Motion to Compel.

## RELEVANT FACTS

### A. The Parties

Defendant is a Delaware Limited Liability Company with its principal place of business in the District of Columbia. Plaintiff Omid Rokni is a resident of the Commonwealth of Virginia and, on or about May 11, 2005, executed a Condominium Unit Purchase Agreement ("Purchase Agreement")[3] to acquire condominium Unit No. 313 to be built at 2125 14th Street, N.W., Washington, D.C. 20009. Plaintiff Mike Rokni is a resident of the Commonwealth of Virginia and, on or about May 11, 2005, executed a Purchase Agreement to acquire condominium Unit No. 413 to be built at 2125 14th Street, N.W., Washington, D.C. 20009. Plaintiff Amin Rokni is a resident of the Commonwealth of Virginia and, on or about May 11, 2005, executed a Purchase Agreement to acquire condominium Unit No. 306 to be built at 2125 14th Street, N.W., Washington, D.C. 20009. Plaintiff Shadi Saba is a resident of the Commonwealth of Virginia and, on or about November 22, 2005, executed a Purchase Agreement to acquire condominium

---

[2] Section 3 of the FAA provides "upon being satisfied that the issue . . . is referable to arbitration," the Court, "shall on application of one of the parties stay the trial of the action until such arbitration has been had in accordance with the terms of the agreement . . . ." 9 U.S.C. §3.

[3] The Condominium Unit Purchase Agreements executed by each Plaintiffs are identical in all material respects except for the unit number, unit price and deposit tendered. *See* Complaint at ¶ 9. As such, the Condominium Unit Purchase Agreements executed by each Plaintiffs are collectively referred to hereinafter as the "Purchase Agreement."

Unit No. 207 at the 2125 14th Street, N.W., Washington, D.C. 20009. Plaintiff Poopak Taati is a resident of the State of California and, on or about November 6, 2005, executed a Purchase Agreement to acquire condominium Unit No. 223 to be built at 2125 14th Street, N.W., Washington, D.C. 20009. Plaintiffs Omid Rokni, Mike Rokni, Amin Rokni, Shadi Saba, and Poopak Taati are collectively referred to hereinafter as "Plaintiffs."

### B.     Purchase Agreement

In 2005, each Plaintiff entered into a Purchase Agreement with Defendant for a condominium unit in The Flats at Union Row, A Condominium, located at 2125 14th Street, N.W., Washington, D.C.. Each Purchase Agreement included an arbitration clause ("Arbitration Clause") that states in part:

> ANY DISPUTE, CONTROVERSY, OR CLAIM CONCERNING THE RIGHTS OR OBLIGATIONS OF THE PARTIES, INCLUDING, WITHOUT LIMITATION, ANY CONDITION OR ELEMENT OF THE UNIT, NEIGHBORHOOD OR NEARBY PROPERTY; THE NEED OR EFFECTIVENESS OF ANY REPAIR OR REPLACEMENT UNDER THE LIMITED WARRANTY; OR ANY CLAIM OR MISREPRESENTATION, FRAUD, OR BREACH OF THIS AGREEMENT, SHALL BE SUBMITTED TO AND SETTLED BY BINDING ARBITRATION PURSUANT TO THE FEDERAL ARBITRATION ACT, TITLE 9 U.S.C. SELLER AND PURCHASER AGREE THAT SUCH ARBITRATION SHALL BE MANDATORY AND BINDING AND SHALL BE IN LIEU OF ANY OTHER LEGAL PROCESS OR REMEDY.

*See Purchase Agreement at ¶* 28 (attached as Exhibit 1 to the Complaint). The Purchase Agreement requires purchasers to submit any claims under the Purchase Agreement to binding arbitration pursuant to the Federal Arbitration Act ("FAA"). *See id.*

### C.     Nature of Dispute Between Plaintiffs and Defendant

Upon execution of the Purchase Agreement, each Plaintiff placed a deposit with Defendant as consideration for the Purchase Agreement. According to the Complaint, each

Plaintiff has requested that Defendant return his/her deposit along with interest.[4] Following Defendant's alleged refusal to return Plaintiffs' deposits, Plaintiffs filed suit against Defendant asserting two causes of action. In their first cause of action, Plaintiffs allege that Defendant violated the District of Columbia Consumer Protection Act ("DCCPA") by unlawfully misrepresenting material facts concerning the Property and/or the Purchase Agreement. *See* Complaint at ¶ 16. Plaintiffs further allege that Defendant engaged in preferential and discriminatory treatment with respect to Plaintiffs Omid Rokni, Mike Rokni, and Amin Rokni. *See id.* at ¶ 18. In their second cause of action, Plaintiffs allege that Defendant violated the Interstate Land Sales Full Disclosure Act ("ILFDSA") by requiring Plaintiffs to (1) "use [Defendant's] affiliated lending agency and title company;" (2) "forfeit their deposits;" and (3) "forfeit their right to seek redress in a court of law." *See* Complaint at ¶¶ 32-34. As demonstrated *infra*, these claims are clearly disputes between Plaintiffs and Defendant arising solely from their relationship as parties to the Purchase Agreement and are of the type required to be arbitrated under the Arbitration Clause in the Purchase Agreement. For the reasons set forth below and given the Purchase Agreement's unambiguous language that any claim arising from it must be submitted to arbitration, this Court must compel Plaintiffs to arbitrate their claims.[5]

## LEGAL ARGUMENT

### A.  Federal Public Policy Strongly Favors Arbitration

Without question, federal law favors and encourages arbitration. *See Mitsubishi Motors Corp v. Soler Chrysler-Plymouth, Inc.*, 473 U.S. 614, 625 (1985); *Gilmer v. Interstate/Johnson*

---

[4] Within the past few months, Defendant has notified each Plaintiff that his/her unit has been completed and settlement on the unit needed to be scheduled in accordance with Article 7 of the Purchase Agreement. To date, none of the Plaintiffs have complied with the requirement to attend settlement on his/her respective unit.

[5] While not relevant to this Motion to Compel, Defendant vigorously denies the allegations found in Plaintiffs' Complaint.

4

*Land Corp.*, 500 U.S. 20, 25 (1991); *Volt Info. Sciences, Inc. v. Board of Trustees of Leland Stanford Jr. Univ.*, 489 U.S. 468, 476 (1989). The FAA codifies a strong federal policy of enforcing arbitration agreements, including agreements to arbitrate statutory rights. *See* 9 U.S.C. § 1 *et seq.* The purpose of the enactment of the FAA, in fact, was to provide statutory acceptance of arbitration agreements, so as to give them the stature of other types of contracts. *Shearson/American Express v. McMahon*, 482 U.S. 220, 226 (1987); *Moses H. Cone Memorial Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 24-25 (1983) (FAA "establishes as a matter of federal law" that any doubts concerning the scope of arbitrable issues should be resolved in favor of arbitration). When directing parties to proceed to arbitration on such issues, by its terms, the FAA "leaves no place for the exercise of discretion by a district court." *Dean Witter Reynolds Inc. v. Byrd*, 470 U.S. 213, 221 (1985); *Moses H. Cone Memorial Hosp., supra* at 24-25 ("Section 2 [of the FAA] is a congressional declaration of a liberal federal policy favoring arbitration agreements, notwithstanding any state substantive or procedural policies to the contrary.")

      B.    **The Federal Arbitration Act Applies to the Purchase Agreement and Compels Dismissal of this Action.**

The FAA provides that any arbitration agreement within its scope "shall be valid, irrevocable, and enforceable." 9 U.S.C. § 4. Under the FAA, a party "aggrieved by the alleged… refusal of another to arbitrate" may petition any federal district court for an order compelling arbitration in the manner provided for in the agreement. *See id.* Although reminded of their obligations by Defendant, Plaintiffs have not only refused to arbitrate their claims as required by the Purchase Agreement but have included the requirement to arbitrate as an alleged injury in their second cause of action. *See* Complaint at ¶34 ("Defendant violated ILFDSA [citation omitted] by requiring Plaintiffs to forfeit their right to seek redress in a court of law")

5

and Complaint at ¶36 ("Defendant seeks to deny Plaintiffs' [sic] access to this Court through the insertion of (Exhibit 1 § 28) of an unconscionable, non negotiable clause of adhesion").

Under the FAA, the role of a Court in resolving a Motion to Compel Arbitration is limited to determining: (1) whether a valid agreement to arbitrate exists and, if it does, (2) whether the agreement encompasses the dispute at issue. *See* 9 U.S.C. § 4. Once this Court determines that both a valid agreement exists and the dispute is covered by the agreement, then the FAA requires the court to enforce the arbitration agreement in accordance with its terms.

### 1. *A Valid Arbitration Agreement Exists Between Plaintiffs and Defendant.*

A valid agreement to arbitrate exists between Plaintiffs and Defendants. Section 2 of the FAA provides that "an agreement in writing to submit to arbitration an existing controversy . . . shall be valid, irrevocable, and enforceable." 9 U.S.C. § 2. Plaintiffs, by their own admission entered into the Purchase Agreement (*see* Complaint at pp.2-3), which clearly included the Arbitration Clause. Even if certain terms of the Purchase Agreement are determined to be unenforceable, the contract contains a severability clause which protects the binding effect of the other provisions of the Purchase Agreement, including the Arbitration Clause. *See* Purchase Agreement at p. 21. Plaintiffs cannot be heard to complain that a written agreement to arbitrate their claims does not exist.

### 2. **The Arbitration Clause Encompasses all the Claims in this Case.**

The Arbitration Clause found in the Purchase Agreement encompasses any and all disputes that may arise between Plaintiffs and Defendant. *See* Purchase Agreement at pp. 20-21 (stating "[a]ny dispute, controversy, or claim concerning the rights or obligations of the parties,… shall be submitted to and settled by binding arbitration pursuant to the Federal Arbitration Act, Title 9 U.S.C."). The unambiguous language in the Arbitration Clause leaves no

doubt that the parties agreed to arbitrate any and all disputes arising from the Purchase Agreement.

Even if there were a question of whether the parties agreed to have all claims submitted to arbitration, such questions should be resolved with a presumption of arbitrability:

> [W]here the contract contains an arbitration clause, there is a presumption of arbitrability in the sense that an order to arbitrate a particular grievance *should not be denied unless it may be said with positive assurance that the arbitration clause is not susceptible of an interpretation that covers the asserted dispute*.  Doubts should be resolved in favor of coverage.

*See AT&T Techs., Inc. v. Communications Workers of Am.*, 475 U.S. 643, 650 (1986) (emphasis added; internal quotation marks omitted); *see also Moses H. Cone Memorial Hosp., supra* at 24-25 ("any doubts concerning the scope of arbitrable issues should be resolved in favor of arbitration").

It is clear that Plaintiffs' claims under the DCCPA and the ILFDSA relate to the Purchase Agreement executed with Defendant and are therefore arbitrable.  Indeed, the fact that Plaintiffs raise statutory claims, namely claims under the DCCPA and the ILFDSA, is irrelevant.  *See Circuit City*, 532 U.S. 105, 123 (2001) (*referring to Gilmer*, 500 U.S. 20, 26 (1991) (absent Congressional intent to preclude, statutory claims can be made subject to arbitration; and *Mitsubishi Motors Corp.* v. *Soler Chrysler-Plymouth, Inc.*, 473 U.S. 614, 628 (1985) (the FAA provides no basis for disfavoring agreements to arbitrate statutory claims)).  There is nothing in the text of the statutes or the legislative history of either act evincing an intent to preempt arbitration of claims under the acts.  *See* D.C. Code § 28-3901 *et seq.* and 15 U.S.C. § 1701 *et seq.*

### C. This Court Should Compel Plaintiff to Arbitrate Their Claims Before Proceeding in this Action.

Since there is a valid arbitration provision that applies to all of the disputes between the parties, this Court must compel Plaintiffs to arbitrate their claims. The FAA has created an explicit remedy for situations where, as here, a party files a judicial action in violation of an enforceable arbitration agreement:

> If any suit or proceeding be brought in any of the courts of the United States upon any issue referable to arbitration under an agreement in writing for such arbitration, the court in which the suit is pending, upon being satisfied that the issue involved in such suit or proceeding is referable to arbitration under such an agreement, shall on application of one of the parties stay the trial of the action until such arbitration has been had in accordance with the terms of the agreement, providing the applicant for the stay is not in default in proceeding with such arbitration.

*See* 9 U.S.C. § 3. The party seeking arbitration pursuant to the agreement may also request an order compelling the breaching party to arbitrate:

> A party aggrieved by the alleged failure, neglect, or refusal of another to arbitrate under a written agreement for arbitration may petition any United States district court which, save for such agreement, would have jurisdiction under Title 28 . . . for an order directing that such arbitration proceed in the manner provided for in such agreement. . . . The court shall hear the parties, and upon being satisfied that the making of the agreement for arbitration or the failure to comply therewith is not in issue, the court shall make an order directing the parties to proceed to arbitration in accordance with the terms of the agreement.

9 U.S.C. § 4. Because Plaintiffs' claims fall under the Arbitration Clause, this Court must dismiss or stay this action and compel arbitration.

### D. The Court Should Dismiss The Action Or, Alternatively, Stay Further Proceedings Pending The Outcome Of The Arbitration.

This Court should dismiss Plaintiffs' Complaint because Plaintiffs' claims must be arbitrated. *See Emeronye v. CACI Intern., Inc.*, 141 F. Supp.2d 82, 88 (D.D.C. 2001)

8

("[B]ecause all of plaintiff's claims are subject to arbitration, dismissal of this action is within the discretion of the Court and is appropriate."); *Nelson v. Insignia/Esg, Inc.,* 215 F. Supp.2d 143, 158 (D.D.C. 2002) (dismissing rather than staying case where all claims were arbitrable "in accordance with what other courts have done when all of the plaintiff's claims must be submitted to arbitration"); *Choice Hotels Int'l, Inc. v. BSR Tropicana Resort, Inc.,* 252 F.3d 707, 709-10 (4th Cir.2001) (under Section 3 of the FAA "dismissal is a proper remedy when all of the issues presented in a lawsuit are arbitrable"). Further, the parties agreed that "seller shall have the right to have [the] legal matter dismissed" should purchaser commence legal action prior to arbitrating any dispute that may arise from the Purchase Agreement. *See* Purchase Agreement at ¶ 28. Given that Plaintiffs must satisfy the condition precedent of arbitration prior to filing suit, this case should be dismissed.

In the alternative, if this Court chooses not to dismiss the Complaint, a stay of the proceedings is mandated by the FAA pursuant to 9 U.S.C. § 3 (upon application of a party, a court "*shall*" stay further proceedings in a legal action if it finds that "any issue" in the case should be referred to arbitration under an agreement in writing for such arbitration). Even when not mandated by the FAA, a stay of further proceedings is appropriate when "considerations of judicial economy and avoidance of confusion and possible inconsistent results . . . militate in favor of staying the entire action." *See American Home Assurance Co. v. Vecco Concrete Constr. Co.*, 629 F.2d 961, 964 (4th Cir. 1980).

**CONCLUSION**

Plaintiffs agreed to the terms of the Purchase Agreement, including the arbitration clause, and are therefore required to arbitrate any dispute that may arise from the Purchase Agreement. Because the claims asserted in this action do in fact arise from the Purchase Agreement,

Defendant respectfully submits that this Court should, pursuant to Sections 2, 3, and 4 of the FAA (9 U.S.C. §§ 2, 3, & 4), either dismiss or stay this action, and issue an order compelling Plaintiffs to submit their claims to arbitration.

Wherefore, Defendant PNH Union Square L.L.C. respectfully requests this Court grant its Motion to Compel Arbitration and enter the attached Order dismissing Plaintiffs' Complaint and awarding Defendant costs for obtaining a dismissal of this action.[6]

Dated: September 10, 2007

                Respectfully submitted,

                By: _____/s/ _Philip T. Evans__ _____
                    Philip T. Evans (D.C. Bar No. 441735)
                    Roxan A. Kerr (D.C. Bar No. 490310)
                    HOLLAND & KNIGHT LLP
                    2099 Pennsylvania Ave., N.W., Suite 100
                    Washington, D.C. 20006
                    Tel: (202) 955-3000/Fax: (202) 955-5564

                *Counsel for Defendant PNH Union Square L.L.C.*

### CERTIFICATE OF SERVICE

The undersigned certifies that on the 10th of September, 2007, he caused a copy of the foregoing Motion and Memorandum to be served by means of the ECF system on:

    Howard R. Shmucker
    Law office of Howard R. Shmucker
    1700 Pennsylvania Avenue, NW
    Suite 400
    Washington, DC 20006

                    /s/ Philip T. Evans
                    Philip T. Evans

---

[6] The parties agreed, "should purchaser, in violation of this Paragraph 28, commence legal action in a court, seller shall have the right to have such legal action dismissed and to recover the cost of obtaining the dismissal." *See* Purchase Agreement at ¶ 28.

# 4759437_v1

11

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **OMID ROKNI, et al.**<br><br>　　　　**Plaintiffs,**<br><br>　　v.<br><br>**PNH UNION SQUARE L.L.C.,**<br><br>　　　　**Defendant.** | Case No. 1:07-cv-01474 -RJL |

# ORDER

The Court having considered Defendant's Motion To Compel Arbitration And Dismiss The Complaint, Or, In The Alternative, Stay Proceedings Pending Arbitration ("Motion to Compel"), Defendant's Memorandum of Points And Authorities In Support of the Motion to Compel, and good cause having been shown, it is this ____ day of _____, 2007;

**ORDERED** that the Motion be and the same is hereby **GRANTED**.  It is further

**ORDERED** that Defendant be awarded costs for obtaining dismissal of this action.

_____
Judge, U.S. District Court
for the District of Columbia

cc:  Counsel of Record