UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| OMID ROKNI, et al. ) | |
| ) | Civil Action No. 1:07-cv-1474-RJL |
| Plaintiffs, ) | |
| ) | |
| v. ) | |
| ) | |
| PNH UNION SQUARE, L.L.C., ) | |
| ) | |
| Defendant. ) | |
| ) | |

**OPPOSITION TO DEFENDANT'S MOTION
TO COMPEL ARBITRATION AND DISMISS THE COMPLAINT,
OR, IN THE ALTERNATIVE, STAY PROCEEDINGS PENDING ARBITRATION**

Pursuant to the Status Conference held on November 29, 2007, before the Honorable Judge Richard J. Leon, and LCvR 7, the Plaintiffs hereby oppose the Defendant's "Motion to Compel Arbitration and Dismiss the Complaint or, in the Alternative, Stay Proceedings Pending Arbitration" (herein, the "Motion").

The Plaintiffs respectfully request this that Court deny Defendant's Motion in its entirety because the Condominium Unit Purchase Agreements on which the Defendant relies for its Motion provide for alternative forums for remedial adjudication and is not limited to arbitration. Furthermore, the arbitration clause on which the Defendant relies violates the formalities of the Federal Arbitration Act ("FAA"), it violates the District of Columbia Consumer Protection Act ("DCCPA"), and it contravenes the Federal Interstate Land Sale Act ("ILSA"). For these reasons, the Plaintiffs request that this Court deny the Defendant's Motion in its entirety and order Defendant to answer the Complaint.

1

## RELEVANT FACTS

A.     **The parties**

Plaintiffs acknowledge the Defendant has, relying on Plaintiffs' Complaint at ¶ 9 accurately identified the Parties and the respective Purchase Agreements each executed.

B.     **The Purchase Agreement Provides for Alternate Forums**

In addition to the arbitration clause on which the Defendant now relies in support of its Motion, each Purchase Agreement contained the following language, which gives the Purchasers the choice of forum in the event of a breach by the Developer/Defendant. Each Purchase Agreement states in part:

> **SELLER AGREES AND OBLIGATES ITSELF** TO COMPLETE CONSTRUCTION OF THE PROPERTY NO LATER THAN TWENTY-FOUR MONTHS FOLLOWING THE DATE OF THIS AGREEMENT…, PURCHASER SHALL HAVE THE OPTION OF EITHER:
>
> (i)     TERMINATING THIS AGREEMENT BY WRITTEN NOTICE TO THE SELLER… OR,
> (ii)    ELECTING TO PROCEED WITH THE PURCHASE OF THE UNIT WHEN THE UNIT IS COMPLETED.
>
> NOTWITHSTANDING THE FOREGOING AND ANY CONTRARY PROVISION SET FORTH HEREIN (INCLUDING WITHOUT LIMITATION THE ARBITRATION PROVISIONS SET FORTH IN SECTION 28), **PURCHASER SHALL NOT BE PRECLUDED FROM PURSUING ANY REMEDIES AVAILABLE UNDER APPLICABLE LAW** FOR SELLER'S WRONGFUL BREACH OR CANCELLATION OF THIS AGREEMENT, INCLUDING ANY RIGHTS TO SPECIFIC PERFORMANCE AS REQUIRED OR AUTHORIZED BY THE INTERSTATE LAND SALES FULL DISCLOSURE ACT.

Emphasis added.

See Purchase Agreement at ¶ 7.6 (a) (attached as Exhibit 1 to the Complaint). The Purchase Agreement therefore does not preclude actions in court, such as the instant one. Defendant drafted the Agreement, and it must adhere to its terms.

### C.  Nature of Dispute Between Plaintiffs and Defendant

The Plaintiffs, having complied with all the terms and conditions of the Defendant's contract of adhesion for the purchase of to-be-constructed condominiums, now seek to hold the Defendant to the same terms and conditions of its carefully-crafted Agreement.

While the Defendant constructed the condominiums, following its own engineering, specifications, design and permit authorizations, the Defendant engaged in several activities in contravention of the DCCPA and ILSA, which are discussed in the Complaint.

For the reasons set forth below and the unequivocal language of the Agreement providing the Purchasers, *Plaintiffs*, choice of litigation forum; as well as the clearly defined consumer protection afforded by the Federal and State, *District*, statutes, protecting consumers against illegal practices, this Court must deny the Defendant's Motion and order Defendant to respond to the Complaint.

## LEGAL ARGUMENT

### A.  The Agreement Clearly Provides the Plaintiffs a Choice of Forum

Despite the Defendant's allegation that the Agreement contains an arbitration clause, the Defendant's Agreement in no uncertain terms provides the Plaintiffs a course of action against the Defendant for its breach of Agreement by bringing the action in this Court. See ¶ 7.6(a) of the Agreement, recited above.

The Defendant drafted the Agreement. No changes were permitted. No negotiations were permitted. Now the Defendant, while in litigation, seeks to modify the terms of its own

Agreement by alleging that the only recourse to a remedy is through arbitration; an argument wholly without merit and not one which is substantiated by *Mitsubishi Motors Corp v. Soler Chrysler-Plymouth, Inc*., 473 U.S. 614, 625 (1985); *Gilmore v. Interstate/Johnson Land Corp*., 500 U.S. 20, 25 (1991); *Volt Info. Sciences, Inc. v. Board of Trustees of Leland Standford Jr. Univ*., 489 U.S. 468, 476 (1989); *Shearson/American Express v. MaMahon*, 482 U.S. 220, 226 (1987); *Moses H. Cohen Memorial Hosp. v. Mercury Constr. Corp*., 460 U.S. 1, 24-25 (1983); *Dean Reynolds Inc. v. Byrd*, 470 U.S. 213, 221 (1985).

Not one of the above cases, which the Defendant seems to rely upon, supports the proposition that arbitration is mandated where the Agreement gives a choice of remedies to the Plaintiff.  The Defendant's reading of the above cases is myopic and fails to account for the language that it included in its own Agreement.  To the extent that the Defendant now wishes to contend that the Agreement is ambiguous, any such ambiguity must be resolved in favor of the Plaintiffs, who had not role in drafting the Agreement.

**B.     The Defendant Has Failed to Meet the Requirements of the Federal Arbitration Act.**

As shown herein, the Agreement at issue is not an arbitration agreement.  The Federal Arbitration Act ("FAA") requires that any supposed arbitration agreement must meet technical formalities, which the Agreement at issue does not meet.  Accordingly, the FAA requires this Court to dismiss the Defendant's Motion to Compel Arbitration. The Defendant requested arbitration and filed its motion on the same day, September 10, 2007, violating the five day notice technical requirement of the FAA.[1]

---

[1] Section 3. Stay of proceedings where issue therein referable to Arbitration.  Five days' notice in writing of such application shall be served upon the party in default.  If the making of the arbitration agreement or the failure, neglect, or refusal to perform the same be in issue, the court shall proceed summarily to the trial thereof. Where such an issue is raised, the party alleged to be

4

**C.      The Arbitration Clause violates the District of Columbia Consumer Protection Act**

Although the arbitration clause is vitiated by the Defendant's own referral to choice of forums for the Plaintiffs,[2] to the extent that the arbitration clause is read as exclusive, it violates the District of Columbia Consumer Protection Act by forcing the purchaser into an unconscionable term. Such a term constitutes an unlawful trade practice under the terms of the DCCPA.[3] The Defendant is an interstate contractor and seller of condominium developments for nearly fifteen years. Over that period of time the Defendant has refined its Purchase and Sales Agreement to a definitive document whereby no purchaser can modify any of the terms or conditions of the Agreement. It is strictly a "take it or leave it" Agreement. No changes and no modifications are permitted. Such an oppressive agreement – leaving no opportunity for negotiation of the arbitration clause – is just the sort of clause the DCCPA prohibits.

**D.      The Arbitration Clause violates the Federal Interstate Land Sales Act**

In addition to the fact that the arbitration is not the sole remedy for the Plaintiff, and the fact that the arbitration clause violates the DCCPA, the arbitration clause violates the Federal Interstate Land Sales Act, 15 U.S.C. §§ 1701, *et seq.*  15 U.S.C. § 1703 (a)(2)(A) specifically prohibits the Defendant from making use of any means or instruments of transportation or communication in interstate commerce, or of the mails to employ any device, scheme or artifice to defraud. Without question, the Defendant is an interstate builder of residential properties,

---

in default may, If the jury find that no agreement in writing for arbitration was made or that there is no default in proceeding thereunder, the proceeding shall be dismissed.

[2] Agreement ¶ 7.6 (a), quoted above.
[3] DCCPA Section 28-3904 (o) makes it unlawful to enforce an unconscionable term in sales or lease agreement. A demand for a full refund pursuant to the D.C. Condominium Act §42-1904.02 was timely made.

with properties located in the Commonwealth of Virginia, the District of Columbia and the State of Maryland.  The Complaint clearly alleges that the Defendant violated the ILSA, including section 1703(a).  The resolution of the Plaintiffs' claims in this regard is, pursuant to the ILSA, for this Court to determine, not for an arbitrator.  15 U.S.C. § 1709(a) provides, in part: "Violations; relief recoverable.  A purchaser or lessee may bring an action at law or in equity against a developer or agent if the sale or lease was made in violation of section [15 USCS § 1703(a)]."

The Defendant has not shown that it is permitted to do an end-run around this federal statute by inserting an arbitration clause in its contract of adhesion to deprive the Plaintiffs of their right to sue the Defendant in Court.  Moreover, the arbitration clause constitutes an unfair trade practice, as shown above.  Therefore, this Court has jurisdiction under ILSA to adjudicate this controversy, and the arbitration clause does not divest this Court of that jurisdiction.

**CONCLUSION**

The Defendant has agreed and obligated itself to the performance of its Agreement granting the Plaintiffs, *Purchasers,* the right to seek a remedy for the Defendant's breach in any Court of jurisdiction notwithstanding the arbitration clause, pursuant to the Agreement that the Defendant itself drafted.  Because the Defendant now finds itself at fault, it seeks to circumvent its own Agreement's language and enforce an unconscionable clause and otherwise unenforceable arbitration clause.  Plaintiffs respectfully submit that this Court should, pursuant to the Defendant's Agreement and representations, the FAA requirements, the DCCPA, and the ILSA, deny the Defendant's Motion in its entirely and instruct the Defendant to answer the Complaint.

WHEREFORE, Plaintiffs respectfully request that this Court deny the Defendant's Motion and enter the attached Order dismissing the Defendant's Motion and instructing the Defendant to file an Answer to the Plaintiffs' Complaint.

Dated: December 5, 2007

Respectfully submitted,

LAW OFFICES HOWARD R. SHMUCKLER

By:    /s/
Howard R. Shmuckler #395462
1700 Pennsylvania Ave. N.W.
Suite 900
Washington, DC 20006
T: (202) 349-4034
F: (202) 349-1499
Counsel for Plaintiffs

BREGMAN, BERBERT, SCHWARTZ & GILDAY, LLC

By:    /s/
Geoffrey T. Hervey, #415907
7315 Wisconsin Avenue, Suite 800 West
Bethesda, Maryland 20814
T: (301) 656-2707
F: (301) 961-6525
Counsel for Plaintiffs

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| OMID ROKNI, et al. ) | |
| ) | Civil Action No. 1:07-cv-1474-RJL |
| Plaintiffs, ) | |
| ) | |
| v. ) | |
| ) | |
| PNH UNION SQUARE, L.L.C., ) | |
| ) | |
| Defendant. ) | |
| _____) | |

## ORDER

The Court, having considered Defendant's Motion to Compel Arbitration and Dismiss the Complaint, or in the Alternative, Stay Proceedings Pending Arbitration, and the Plaintiffs' Opposition thereto, and good cause having been shown, it is this _____ day of _____, 2007;

**ORDERED** that the Motion to Compel Arbitration is hereby DENIED, and it is further

**ORDERED** that Plaintiff shall file its Answer to the Plaintiffs' Complaint within eleven days after the date of this Order.

_____
 Richard J. Leon
 Judge, U.S. District Court
 For the District of Columbia